Case 4:22-cv-02628   Document 1-1   Filed on 08/05/22 in TXSD   Page 1 of 7

6/30/2022 12:09 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 65928691
By: Courtni Gilbert
Filed: 6/30/2022 12:09 PM

NO. _____

| | | |
|---|---|---|
| WILMER CANTOR, | § | IN THE DISTRICT COURT |
| Plaintiff, | § § § | |
| v. | § § | |
| COST OF WISCONSIN, INC. AND A&A CUSTOM CONCRETE, LLC, | § § § § | HARRIS COUNTY, TEXAS |
| Defendants. | § | \_\_\_\_ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

Wilmer Cantor ("Plaintiff" or "Mr. Cantor") files his Original Petition against Cost of Wisconsin, Inc. and A&A Custom Concrete, LLC (collectively, "Defendants") as follows:

### I.   DISCOVERY

Plaintiff intends to conduct discovery under Level 2 of Tex. R. Civ. P. 190.

### II.   NATURE OF ACTION

1. This is a negligence and gross negligence cause of action. Because of Defendants' negligence and gross negligence, Plaintiff fell from an elevation at a work site and suffered severe personal injuries.

### III.   PARTIES

2. Mr. Cantor is an individual residing in, and a citizen of, Harris County, Texas.

3. A&A Custom Concrete, LLC ("A&A") is a Texas limited liability company and a Texas citizen that may be served with service of process by serving its registered agent for service of process, Saul Soto, at 802 W. James Blvd., Baytown, Texas 77520.

4. Cost of Wisconsin, Inc. ("Cost of Wisconsin") is a for-profit corporation doing business in Texas that may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite

DEFENDANT'S
EXHIBIT
1

610, Austin, Texas 78701.

## IV.   JURISDICTION AND VENUE

5.   Venue is proper in Harris County, Texas, pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas.

6.   This Court has subject matter jurisdiction because the amount in controversy exceeds the minimum jurisdictional amount of this Court.

## V.   FACTUAL BACKGROUND

7.   On or about April 20, 2022, Mr. Cantor was performing work at the Houston Zoo, located in Harris County, Texas ("the Site"). Also working at the Site that day was Cost of Wisconsin. Cost of Wisconsin had erected a scaffolding at the Site for use by workers at the Site ("the Scaffolding"). At some point during the day, while Mr. Cantor was performing work on top of the Scaffolding, the Scaffolding collapsed. Mr. Cantor fell to the ground below and suffered severe personal injuries ("the Incident").

8.   A&A arranged for Mr. Cantor to perform work at the Site at the time of the Incident.

## VI.   NEGLIGENCE AND GROSS NEGLIGENCE OF COST OF WISCONSIN

9.   Plaintiff incorporates all factual allegations made above.

10.   Cost of Wisconsin is liable to Plaintiff for Defendant's negligent acts and/or omissions including, but not limited to:

   a.   creating a hazard on the Site and failing to guard against it or warn about it;

   b.   failing to institute proper and effective safety policies, procedures, and programs for screening, training, and supervision;

   c.   failing to employ or contract reasonably competent personnel;

   d.   retaining control over safety and failing to reasonably exercise that control;

  e. failing to provide reasonable and competent supervision; and,

  f. other acts or omissions to be proven at trial.

11. At the time of the Incident, the Cost of Wisconsin employee(s) that erected the Scaffolding was/were acting within the course and scope of his/her/their employment as an employee(s) of Defendant. Additionally, or alternatively, the Cost of Wisconsin employee(s) was/were acting at the direction and in the furtherance of the business of Defendant at the time of the Incident. Cost of Wisconsin is therefore vicariously liable for the acts and/or omissions of its employee(s) under the doctrine of *Respondeat Superior*.

12. Each of the above-listed acts and/or omissions, taken singularly or in any combination, rise to the level of gross negligence and/or malice. Cost of Wisconsin's acts and/or omissions, when viewed objectively from the standpoint of the actor at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of harm to others. Cost of Wisconsin had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. Therefore, Defendant's conduct amounts to gross negligence for which Cost of Wisconsin is liable for exemplary damages.

## VII. NEGLIGENCE AND GROSS NEGLIGENCE OF A&A CUSTOM CONCRETE

13. Plaintiff incorporates all factual allegations made above.

14. A&A failed to do that which a person of ordinary prudence would have done under the same or similar circumstances or did that which a person of ordinary prudence would not have done under the same or similar circumstances.

15. For example, Defendant was negligent by failing to:

  a. make necessary safety inspections to apprise itself of safety issues at the Site;

  b. require and provide a properly maintained work area;

  c. institute and enforce proper and effective safety programs, instruction, supervision, and training;

  d. properly warn and instruct Plaintiff;

  e. provide proper and effective equipment to allow Plaintiff to safely perform his work; and

  f. provide Plaintiff with a safe work place.

16. Each of the above-listed acts and/or omissions by A&A taken singularly or in any combination, rise to the level of gross negligence. Defendant's acts and omissions, when viewed objectively from the standpoint of the actor at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of harm to others like Plaintiff. A&A arranged for Mr. Cantor's work at the Site and was responsible for his safety and those similarly situated. Defendant, however, knowingly disregarded its duty to protect Plaintiff (and those similarly situated) from the injuries suffered by Mr. Cantor. A&A had actual, subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others similarly situated. Therefore, Defendant's conduct amounts to gross negligence for which A&A is liable for exemplary damages.

## VIII. CAUSATION AND DAMAGES

17. Plaintiff incorporates all factual allegations made above.

18. As a proximate result of Defendants' negligent and grossly negligent acts and/or omissions, Plaintiff has suffered in the past and will continue to suffer in the future: medical expenses; loss of earning capacity; loss of his own household services; pain and suffering; mental anguish; physical and mental impairment; emotional distress; disfigurement; and loss of enjoyment of life.

19. Pursuant to Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiff seeks

monetary relief over $ 200,000 but not more than $1,000,000.

## IX.   ALTERNATIVE PLEADINGS

20.    To the extent facts and/or causes of action pled in this Original Petition are in conflict, they are pled in the alternative.

## X.   JURY DEMAND

21.    Plaintiff demands a trial by jury on all of his claims, the jury fee having been deposited with the Clerk of the Court.

## XI.   RULE 193.7 NOTICE

22.    Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives notice that all documents produced by Defendants in response to any discovery request may be used at any pretrial proceeding or in the trial of this matter.

## XII.   PRESERVING EVIDENCE

23.    Plaintiff request that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the Incident made the basis of this lawsuit or the damages resulting therefrom. Failure to maintain such evidence will constitute "spoliation" of the evidence.

## XIII.   PRAYER

24.    Plaintiff prays that judgment be entered against Defendants for:

    a.   actual compensatory damages;

    b.   all costs of court expended herein;

    c.   pre-judgment and post-judgment interest at the maximum rate allowed by law;

    d.   exemplary damages; and

    e.   all other relief to which Plaintiff is justly entitled.

Dated: June 30, 2022
Houston, Texas

Respectfully submitted,

CEDILLOS LAW FIRM, PLLC

By: _____
J. Moises Cedillos
State Bar No. 24080828
3801 Kirby Dr., Suite 510
Houston, Texas 77098
(832) 900-9456
(832) 900-9456 (fax)
moises@cedilloslaw.com

ATTORNEY FOR PLAINTIFF

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jocelyn Pineda on behalf of J. Moises Cedillos
Bar No. 24080828
info@cedilloslaw.com
Envelope ID: 65928691
Status as of 6/30/2022 12:42 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Jocelyn Pineda | | jocelyn@cedilloslaw.com | 6/30/2022 12:09:41 PM | SENT |
| Jocelyn Pineda | | info@cedilloslaw.com | 6/30/2022 12:09:41 PM | SENT |
| J. Moises Cedillos | | moises@cedilloslaw.com | 6/30/2022 12:09:41 PM | SENT |